# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| UNITED STATES OF AMERICA, | 2:07-CR-00014 JCM (RJJ) |
| --- | --- |
| Plaintiff, | |
| v. | Date: N/A |
| | Time: N/A |
| RENE OSWALD COBAR, | |
| Defendant. | |

## ORDER

Presently before the court is Rene Cobar's objections to report and recommendations of United States magistrate judge (#33), filed May 28, 2007. The government filed a response to the objection (#34) on June 6, 2007

Magistrate Judge Johnston in his report and recommendations (#31), filed on May 16, 2007, granted in part and denied in part the defendant's motion to dismiss indictment for unreasonable delay or bond pursuant to 18 U.S.C. 3145© (#17). In addition, Magistrate Judge Johnston deferred defendant Cobar's alternative motion for bond pursuant to 18 U.S.C. 3145 to this court .

Under Local Rule IB 1-4 and 28 U.S.C. § 636(b)(1)(B), a magistrate judge shall file findings and recommendations for disposition by the district judge. The district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made [and] may accept, reject, or modify, in whole or in part, the findings or recommendations. . . ." 28 U.S.C. § 636(b)(1).

Rene Cobar was indicted on May 5, 2004, on one count of conspiracy to distribute a

**James C. Mahan**
**U.S. District Judge**

1  controlled substance, cocaine, and one count of conspiracy to commit money laundering.  The
2  defendant first appeared before a judicial officer for these charges on May 21, 2004.  Both parties
3  stipulated to continue trial until February 7, 2005, tolling the Speedy Trial Act. On February 21,
4  2006, the action was dismissed as to Rene Cobar in favor of a new indictment filed in the District
5  of Columbia. A motion to dismiss that indictment was granted on November 9, 2006.  A second
6  District of Nevada four count indictment was filed on January 24, 2007.  Count three of the second
7  Nevada indictment alleges conspiracy to distribute or possess with intent to distribute five kilograms
8  or more of cocaine.

9  The only overlapping count of the 2004 and 2007 indictments was Count 3, conspiracy to
10 possess or distribute cocaine. The Speedy Trial Act provides that the defendant must be tried within
11 70 days from the filing of the indictment, "of from the date the defendant has appeared before a
12 judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C.
13 § 3161(c)(1).  Because the speedy trial clock was running on this charge from February 7, 2005, until
14 January 26, 2006, and began to run again on March 12, 2007, the 70 day time period for the Speedy
15 Trial Act has been violated and this count should be dismissed with prejudice.

16 As to the remaining three counts of the 2007 indictment, because the delay between the
17 indictment and trial has been over three years, it is presumptively prejudicial under *Barker v. Wingo*,
18 407 U.S. 514 (1972), and must be analyzed under the factors set forth therein.  1) whether the delay
19 before trial was uncommonly long, (2) whether the government or the criminal defendant is more
20 to blame for that delay, (3) whether the defendant asserted his right to a speedy trial, and (4) whether
21 he suffered prejudice as a result of the delay. *Doggett v. U.S.*, 505 U.S. 647, 651 (1998); citing
22 *Barker* at 530.

23 Under the first *Barker* factor, while the length of delay was long, the case is equally complex
24 and involves numerous wiretaps and conduct that occurred in foreign jurisdictions.  Because of the
25 case's complexity, this factor does not weigh in favor of granting the motion to dismiss indictment.

26 Under the second and third *Barker* factor, viewed as a whole, Mr Cobar's allegations that he
27 repeatedly asserted his speedy trial rights and eventually was forced to move to dismiss his counsel
28

**James C. Mahan**
**U.S. District Judge**

- 2 -

1 on December 9, 2005, were unpersuasive.

2 Under the fourth *Barker* Factor, although the defendant has suffered prejudice, that fact that he did not move to dismiss the case based on a violation of the right to a speedy trial until April 3, 2007, weighs in favor of the prosecution going forward.

Because the defendant admits that he did not file or request to be filed a motion to dismiss indictment in the district of Nevada, and did not assert his speedy trial rights until after the charges were dismissed in Nevada and never in the District of Columbia, Mr. Cobar is more reasonably at fault for the delay.

**Pretrial Release on Bond**

Mr Cobar asserts, in his motion to dismiss indictment for unreasonable delay or bond pursuant to 18 U.S.C. 3145© (#17), that if this court does not dismiss the indictment, in the alternative he should be released on bond pending trial.

Factual findings underlying a district court's pretrial release or detention order, including whether a defendant is a flight risk or a danger to the public, are reviewed under the clearly erroneous standard, "coupled with an independent review of the facts, the findings, and the record to determine whether the order may be upheld." *United States v. Fidler* 419 F.3d 1026 (9th Cir. 2005); citing *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir.1991).

Under 18 U.S.C. § 3142(e), if the hearing officer finds that no condition or combination of conditions will reasonably assure appearance of the person as required and the safety of any other person and the community. Such a judicial officer shall order detention. Further, a rebuttable presumption is established if the person has been convicted of a crime which the max term is over 10 years under the Controlled Substances Act.

The defendants attorney cites family in Las Vegas and an immigration hold that has been placed on the defendant as the reasons Mr. Cobar is not a flight risk. The government counters that the size of the alleged transaction and the defendant's ties to foreign drug organizations is sufficient evidence to maintain the rebuttable presumption created by 18 U.S.C. § 3142.

**James C. Mahan**
**U.S. District Judge**

- 3 -

1  At the arraignment, Magistrate Judge Foley recognized the rebuttable presumption that this defendant was a flight risk because he was charged under the Controlled Substances Act. In addition, the charged offense involved 400 kilograms of cocaine, and the government proffered evidence of extensive foreign drug contacts and resources. This court finds that it was not clear error to order Mr. Cobar's detention pending trial on these charges.

Having reviewed the case file, the magistrate's report and recommendation (#31), plaintiff's objection (#33), motion to dismiss indictment for unreasonable delay or bond pursuant to 18 U.S.C. 3145© (#17), and the transcripts of Mr. Cobar's detention hearing. There being no additional evidence is presented to contradict Magistrate Judge Johnston's findings, and for good cause shown;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Magistrate Judge Johnston in his Report and Recommendation (#31) are AFFIRMED in their entirety.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that defendant's motion for bond pursuant to 18 U.S.C. 3145© (#17) be, and the same hereby is, DENIED.

DATED this 13th day of August, 2007.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 4 -