UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,      )<br>                                                      )<br>              Plaintiff,                     )<br>                                                      )<br>vs.                                             )<br>                                                      )<br>                                                      )<br>                                                      )<br>RENE OSWALD COBAR,            )<br>                                                      )<br>              Defendant.                  ) | | 2:07-cr-00014 JCM-RJJ<br><br>REPORT &  RECOMMENDATION<br>OF UNITED STATES<br>MAGISTRATE JUDGE<br>(Defendant's Motion to Dismiss Indictment<br>for Prosecutorial Vindictiveness (#36)) |

This matter came before the undersigned Magistrate Judge on Defendant Rene Cobar's Motion to Dismiss Indictment for Prosecutorial Vindictiveness (#36).  The Court has considered the Motion (#36), and the Government's Response (#37).

**BACKGROUND**

The government asserts that in September 2003, the DEA began an investigation of Cobar. Using an undercover agent, a series of negotiations occurred regarding the importation of 400 kilograms of cocaine to Las Vegas, Nevada. Cobar was initially charged in the District of Nevada on April 7, 2004.  On January 26, 2006, the Government's Motion to Dismiss the indictment was granted.

Previously, on December 20, 2005, a one count indictment had been returned against Cobar in the District of Columbia charging violations of 21 U.S.C. §§ 963, 959, and 960, conspiracy to distribute five kilograms or more of cocaine intending and knowing that the cocaine would be unlawfully imported into the United States. Cobar, through his attorney, moved to dismiss the

indictment in the District of Columbia based on lack of venue. On November 9, 2006, the Motion to Dismiss was granted. The government appealed. Thereafter, Cobar refused to accept a plea agreement and on December 13, 2006, a new criminal complaint was filed against him in the District of Nevada charging Conspiracy to Distribute Cocaine in violation of 21 U.S.C. § 846. A four Count indictment was returned against Cobar on January 24, 2007, charged him with four counts: Count 1: 21 U.S.C. §§ 952, 960, 963, Conspiracy to Import Five Kilograms or More of Cocaine; Count 2: 21 U.S.C. §§ 952, 960, 963, Conspiracy to Import Five Kilograms or More of Heroine; Count 3: 21 U.S.C. §§ 846, 841(a)(1), Conspiracy to Distribute or Possess with Intent to Distribute Five Kilograms or More of Cocaine; and Count 4: 21 U.S.C.§§ 846, 841(a)(1), Conspiracy to Distribute or Possess with Intent to Distribute One Kilogram or More Heroin.

Cobar asserts that vindictive prosecution has occurred due to the Government's threat and decision to file additional and more serious charges if he did not accept the proposed 10-year plea agreement.

**DISCUSSION**

To establish a prima facie case of vindictive prosecution, a defendant "must show either direct evidence of actual vindictiveness or facts that warrant an appearance of such." *United States v. Montoya*, 45 F.3d 1286, 1299 (9th Cir. 1995), *quoting United States v. Sinigaglio*, 942 F.2d 581, 584 (9th Cir. 1991). A presumption of vindictive prosecution may arise from evidence "indicating a realistic or reasonable likelihood of vindictiveness." *Montoya, 45 F.3d at 1299,* quoting *United States v. Garza-Juarez*, 992 F.2d 896, 906 (9th Cir. 1993). This presumption will not attach, however, until the defendant "prove[s] an improper prosecutorial motive through objective evidence." *Montoya, 45 F.3d at 1299*, citing *United States v. Goodwin*, 457 U.S. 368, 380 n. 12 (1982); *see United States v. Alexander*, 287 F.3d 811, 818 (9th Cir. 2002). Upon establishing a prima facie case of vindictive prosecution, or a supported presumption of vindictive prosecution, the burden shifts to the prosecutor to prove that "independent reasons or intervening circumstances dispel vindictiveness and justify its [prosecutorial] decisions." *United States v. Hooton*, 662 F.2d 628, 634 (9th Cir.1981), *cert. denied*, 455 U.S. 1004, 102 S.Ct. 1640, 71 L.Ed.2d 873 (1982).

The Supreme Court has taken the stance that "[t]o punish a person because he has done what

1  the law plainly allows him to do is a due process violation of the most basic sort . . . ."
2  *Bordenkircher v. Hayes*, 434 U.S. 357, 363 (1977), citing *North Carolina v. Pearce*, 395 U.S. 711,
3  752 (1969). However, the Supreme Court has also recognized that "[p]lea bargaining flows from
4  'the mutuality of advantage' to defendants and prosecutors, each with his own reasons for wanting
5  to avoid trial." *Bordenkircher v. Hayes*, 434 U.S. 357, 363 (1977). This "'give-and-take' of plea
6  bargaining" does not contain any "element of punishment or retaliation so long as the accused is free
7  to accept or reject the prosecution's offer." *Bordenkircher*, 434 U.S. at 363.

8        Here, Cobar asserted his Constitutional right to challenge venue in the District of Columbia.
9  Only after he successfully asserted his Constitutional right was there a threat by the prosecution.
10 However, this threat was not an attempt to discourage Cobar from asserting a Constitutional right,
11 but rather was part of the plea bargaining process. Cobar's attorney presented him with a proposed
12 deal by the prosecution. Included in the proposed deal was the threat that if Cobar did not accept the
13 10-year plea, the prosecution would seek additional charges against him. Cobar was free to accept
14 or reject this offer, which he freely rejected.

15       "In our system, so long as the prosecutor has probable cause to believe that the accused
16 committed an offense defined by statute, the decision whether or not to prosecute, and what charge
17 to file or bring before a grand jury, generally rests entirely in his discretion." *Bordenkircher*, 434
18 U.S. at 364. The Supreme Court has concluded that "[t]o hold that the prosecutor's desire to induce
19 a guilty plea is an 'unjustifiable standard,' which, like race or religion, may play no part in his
20 charging decision, would contradict the very premises that underlie the concept of plea bargaining
21 itself." *Bordenkircher*, 434 U.S. at 364. Therefore, in this case, there has not been a due process
22 violation. The prosecutor was acting within his discretion. Cobar has not met his burden of showing
23 direct evidence of actual vindictiveness, nor facts that indicate the appearance of vindictiveness. No
24 evidentiary hearing is required.

25                                    **RECOMMENDATION**
26       Based on the foregoing and good cause appearing therefore,
27       IT IS THE RECOMMENDATION of the undersigned Magistrate Judge that the
28

1  Defendant's Motion to Dismiss Indictment for Prosecutorial Vindictiveness (#36) be **DENIED**.

**NOTICE**

Pursuant to Local Rule IB 3-2 **any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court on or before February 2, 2009.**.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this __23d__ day of January, 2009.

_____
ROBERT J. JOHNSTON
United States Magistrate Judge