1

2

3                          **UNITED STATES DISTRICT COURT**

4

5                              **DISTRICT OF NEVADA**

6

7                                      * * *

8

9   UNITED STATES OF AMERICA,          )
                                        )
10          Plaintiff,                  )
                                        )
11  vs                                  )        2:07-cr-0014-JCM-RJJ
                                        )
12  RENE OSWALD COBAR,                  )
                                        )
13          Defendant,.                 )        **ORDER**
                                        )
14  _____   )

15

16          This court granted defendant Rene Cobar's motion to correct a clerical error and vacated its

17  previous order denying Mr. Cobar's motion for a new trial. (Doc. #324).  This amended order

18  denying the motion for new trial now follows.

19          Presently before the court is defendant Rene Cobar's motion for a new trial and for evidentiary

20  hearing (doc. #310).  Plaintiff United States of America Department of Justice (hereinafter "DOJ")

21  has opposed this motion (doc. #311).  Defendant Cobar has responded (doc. #314).

22          Defendant Cobar was found guilty on February 23, 2009, by bench trial of one count of

23  conspiracy to import five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 963, 952, and

24  960(b)(1)(B), and conspiring to import one kilogram or more of heroin in violation of 21 U.S.C. §§

25  963, 952, and 960(b)(1)(A). (Doc. #311).  In August of 2009, defendant appealed his conviction

26  which is currently before the Court of Appeals for the Ninth Circuit. In July of 2010, defendant filed

27  a motion with this court for a new trial based on newly discovered evidence that a witness for the

28  government in his trial, Aguilar-Alvarez, had been deactivated as a DEA confidential source.  After

a hearing, this court denied defendant's motion for new trial (doc. #303).

1  **I.      Motion for New Trial**

2        Based upon DEA Special Agent Casullo's 2010 affidavit, the November 2003 and January

3  2004 affidavits, and the procedures followed by the government in obtaining authorization for the

4  interception of wire and electronic communications, defendant has now filed another motion for a

5  new trial (doc. #310).  He asserts that the court should grant him a new trial because these documents

6  constitute "newly-discovered evidence" (doc. #310).

7        Under Federal Rule of Criminal Procedure 33, a court may vacate any judgment and grant a

8  new trial if the interest of justice so requires.  For example, a motion for a new trial should be granted

9  if the verdict was against the clear weight of the evidence or the failure to grant a new trial would

10  result in a miscarriage of justice.  *Roy v. Volkswagen of Am., Inc.*, 896 F.2d 1174, 1176 (9th Cir.

11  1990).  In deciding a motion for a new trial, the district court is free to weigh the evidence and

12  evaluate for itself the credibility of the witness.  *U.S. v. Alston*, 974 F.2d 1206, 1211 (9th Cir. 1992).

13        Furthermore, to prevail on a motion for a new trial, the defendant must satisfy a five-part test:

14      [T]he defendant must show (1) evidence is newly discovered; (2) failure to
         discover the evidence sooner was not due to lack of diligence; (3) the evidence
15      was material to trial issues; (4) the evidence was not cumulative or merely
         impeaching; and (5) a new trial, if granted, would probably result in acquittal.

16

17  *United States v. George*, 420 F.3d 991, 1000 (9th Cir. 2005) (citing *United States v. Lopez,* 803

18  F.2d 969, 977 (9th Cir. 1986)).

19        The court finds that no new trial is warranted in this case.  The defendant alleges that

20  "false statements were submitted in Title III affidavits," and that the records do not reflect a

21  proper signature of an investigative or law enforcement officer in compliance with 18 U.S.C.

22  § 2518(a) for the affidavits.  Defendant argues that Special Agent Casullo submitted a false

23  statement in his 2010 affidavit regarding the activation date of Aguilar-Alvarez with the DEA,

24  which happened in October of 2003.  This allegedly conflicts with Casullo's January 2004

25  affidavit, which states that Aguilar-Alvarez was already a confidential informant working for

26  the Las Vegas Metropolitan Police Department (hereinafter "LVMPD") since August of 2003,

27  making it newly discovered evidence.

28        First, the court disagrees – these documents do not count as newly discovered evidence.

1  Aguilar-Alvarez was working as a confidential source for the LVMPD in August of 2003. In

2  October of 2003, the DEA activated Aguilar-Alvarez in conjunction with its own investigation

3  of the defendant. Thus, he was concurrently working for the DEA and the LVMPD at the time

4  of the alleged "conflicting" 2004 statement. This is not mutually exclusive work as the

5  defendant alleges, and therefore, there is no conflict with regards to Aguilar-Alvarez's activation

6  date with the DEA.

7      Second, the November 2003 and January 2004 affidavits were provided to defendant's

8  counsel during discovery and were the subject of testimony at trial. Thirdly, the defendant has

9  not shown how these alleged statements, if false, are material to his guilt or punishment at trial.

10 Finally, the defendant has failed to show how a new trial, if granted, would result in acquittal.

11 *See Brady v. Maryland*, 373 U.S. 83, 87 (1963) (holding suppression by the prosecution of

12 evidence favorable to an accused upon request violates due process where the evidence is

13 material either to guilt or to punishment).

14 **II.    Motion for Evidentiary Hearing**

15      The defendant also requests a *Franks* (evidentiary) hearing because he argues that the

16 statements in the November 2003 and January 2004 affidavits are "false and malicious." *See*

17 *Franks v. Delaware*, 438 U.S. 154 (1978). In order for defendant to be granted a *Franks*

18 hearing, he must make "a substantial preliminary showing that a false statement knowingly and

19 intentionally, or with reckless disregard for the truth, was inclined by the affiant in the warrant

20 affidavit, and if the allegedly false statement is necessary to the finding of probable cause."

21 *United States v. Craighead*, 539 F.3d 1073, 1080 (9th Cir. 2008) (quoting *Franks,* 438 U.S. at

22 155-56)).

23      Here, the defendant has failed to cite false statements in the affidavits, making his

24 allegations merely conclusory. *See Franks*, 438 U.S. at 171 (requiring challenger's attack on

25 the affidavit supporting the warrant must be more than conclusory to mandate an evidentiary

26 hearing and must be more than a mere desire to cross-examine). Secondly, the defendant failed

27 to prove that, even if the 2004 statements were false, they were made with reckless disregard

28 for the truth to entitle him to a *Franks* hearing.

1    Lastly, defendant alleges that the government did not comply with the requirements of

2  18 U.S.C. § 2518(a) because the application did not identify the investigative or law

3  enforcement officer making the application, or the officer authorizing the application.  When

4  applying for an order to authorize the interception of wire, oral, or electronic information, the

5  government must include the information listed in 18 U.S.C. § 2518(1)(a)–(f).  Moreover, 18

6  U.S.C. § 2518(10) requires that any aggrieved person who challenges a wire or electronic

7  intercept, must do so "before the trial, hearing, or proceeding unless there was no opportunity

8  to make such a motion or the person was not aware of the grounds of the motion."

9    Here, the government complied with the requirements of the statute.  The documents

10  identified the officers applying for the application, identified the officers authorizing the

11  application, and contained the authorization to intercept the communications by this court.

12  Furthermore, the defendant had the opportunity to challenge the electronic intercept before trial

13  because the government provided him with all the relevant documents during discovery.  Thus,

14  the defendant's requests for a new trial and for a *Franks* (evidentiary) hearing are denied.

15    Accordingly,

16    IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant's motion

17  for a new trial and evidentiary hearing (doc. #310) is DENIED.

18    DATED this 27th day of December, 2011.

19

20                                              UNITED STATES DISTRICT JUDGE

21

22

23

24

25

26

27

28