# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>    )<br>    Plaintiff,  )<br>    )<br>vs  )<br>    )<br>RENE OSWALD COBAR,  )<br>    )<br>    Defendant,.  )<br>_____)  | 2:07-cr-0014-JCM-RJJ<br><br><br><br>**ORDER** |

Presently before the court is defendant Rene Oswald Cobar's motion for a copy of court records (doc. #339).  Mr. Cobar has also filed a supplemental brief (doc. #348) seeking additional documents.  The government has responded to the motion (doc. #350) and the supplement (doc. #353).  Mr Cobar has replied.  (Doc. #355).

Also before the court is Mr. Cobar's motion to dismiss the indictment.  (Doc. #338).  The government has filed an opposition (doc. #349), to which Mr. Cobar has replied (doc. #354).

The court denies Mr. Cobar's motion for a copy of court records.  First, the court notes that many of Mr. Cobar's requests are worded such that this court cannot properly identify exactly which documents he wants.  Second, some of the documents he is requesting are not maintained by the court.  Third, and most important, Mr. Cobar has once again failed to provide the appropriate financial documentation to support his request.

. . .

. . .

. . .

The statute providing authority to proceed *in forma pauperis*, 28 U.S.C. § 1915, does not include the right to obtain court documents without payment. *See id.* Although the Ninth Circuit has not spoken on the issue, courts in other jurisdictions have not allowed plaintiffs proceeding *in forma pauperis* to receive free copies of documents from the court without the plaintiff demonstrating a specific showing of need. *See, e.g., Collins v. Goord,* 438 F.Supp. 2d 399 (S.D.N.Y. 2006); *Guinn v. Hoecker,* 43 F.3d 1483 (10th Cir. 1994) (no right to free copy of any document in record unless plaintiff demonstrates specific need); *In re Richard*, 914 F.2d 1526 (6th Cir. 1990) (28 U.S.C. § 1915 does not give litigant right to have documents copied at government expense); *Douglas v. Green*, 327 F.2d 661, 662 (6th Cir. 1964) (no free copy of court orders).

Here, Mr. Cobar has failed to provide the appropriate evidence establishing his inability to prepay for the copies he requests. 28 U.S.C. § 1915(a) requires that a person requesting to proceed *in forma pauperis* without prepayment of fees must "submi[t] an affidavit that includes a statement of all assets such prisoner possesses." 28 U.S.C. § 1915(a)(1) (2012); *see also Coppedge v. United States*, 369 U.S. 438, 444 (1962) (holding that defendant "must conform to the requirements of 28 U.S.C. 1915(a) . . . and must include, in affidavit form, the defendant's representations of poverty"). This is the third time the court is denying this motion due to Mr. Cobar's failure to provide the appropriate documentation regarding financial need. This time, while Mr. Cobar did attach a copy of his inmate balance sheet, he failed to provide the appropriate affidavit attesting to his assets and liabilities. The motion must be denied.

The court also finds it appropriate to deny Mr. Cobar's supplemental request. Discovery in this case has long since closed. Motions for discovery must be raised before trial. *See* Fed. R. Crim. P. 12(b)(3)(E). This case went to trial over three years ago. *See* Doc. #200. Mr. Cobar was sentenced on July 17, 2009, and the case was closed July 27, 2009. As the government correctly points out, the defendant's case is no longer pending before this court. Mr. Cobar's request for discovery from the government is denied.

For similar reasons, the court denies Mr. Cobar's motion to dismiss the indictment. Pursuant to Fed. R. Crim. P. 12(b)(3)(B) "a motion alleging a defect in the indictment or information" "must be raised before trial." While the rule gives courts discretion to "hear a claim that the indictment or

1  information fails to invoke the court's jurisdiction or to state an offense," the court may only do so
2  "while the case is pending." *Id.* As previously explained, this matter is no longer pending before this
3  court. Mr. Cobar has long since been sentenced and the matter closed. Further, the record before this
4  court reflects that Mr. Cobar has appealed his conviction and sentence, thus he may seek to raise this
5  issue before that court.

6  Accordingly,

7  IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Mr. Cobar's motion for a
8  copy of court records (doc. #339) be, and the same hereby is, DENIED.

9  IT IS FURTHER ORDERED that Mr. Cobar's supplemental request for discovery (doc. #348)
10  be, and the same hereby is, DENIED.

11  IT IS FURTHER ORDERED that Mr. Cobar's motion to dismiss indictment (doc. #338) be,
12  and the same hereby is, DENIED.

13  DATED May 17, 2012.

15  *[signature]*
16  UNITED STATES DISTRICT JUDGE